# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| ARTHUR EDWARD RAMIREZ, | Case No. CV 17-3828-BRO (DFM) |
|---|---|
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| SCOTT FRAUENHEIM, Warden, | |
| Respondent. | |

On May 17, 2017, Arthur Edward Ramirez ("Petitioner") constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his convictions and 80-years-to-life sentence for first degree premeditated murder and related crimes.[1] Dkt. 1 ("Petition").[2] The Petition

---

[1] Under the "mailbox rule," a pro se prisoner's habeas petition is constructively filed when he gives it to prison authorities for mailing to the court clerk. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Under this rule, a court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes that the petitioner turned the petition over to prison authorities for mailing that day, see Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as

appears to raise two claims: (1) the jury instructions regarding the natural-and-probable-consequences doctrine violated Petitioner's Sixth and Fourteenth Amendment rights, and (2) his appellate counsel was ineffective for "fail[ing] to federalize [Petitioner's] claims." Id. at 5-6.[3]

It appears that Ground Two has not been exhausted in state court. Ground Two was not raised in Petitioner's petition for review to the California Supreme Court. See id. at 15-42. Petitioner states that he raised this ground in a habeas petition that was constructively filed in the Los Angeles County Superior Court on May 14, 2017, but the state court apparently has not yet ruled on it. See id. at 9. And the Court's review of the California Appellate Court's Case Information website confirms that Petitioner never filed a habeas petition in the state supreme court. See id. at 3 (stating that Petitioner has not filed any state habeas petitions).

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state

---

amended).

[2] Citations to the Petition and its attachments use the CM/ECF pagination.

[3] Although these are the only two claims set forth in the section of the form Petition for listing grounds for relief, see Petition at 5-7, Petitioner also attached to the Petition a copy of his petition for review in the California Supreme Court, which contains additional claims. See Petition at 15-42. If Petitioner intends to raise in federal court any of the claims included in the petition for review but not listed in his federal Petition, he may file an amended federal petition that includes them. If Petitioner believes that any of those claims are unexhausted, as the Petition's Ground Two seems to indicate, he may attempt to exhaust them by raising them in a state habeas petition. Petitioner may wish to consider filing any such state petition directly with the California Supreme Court.

2

courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and Cty. of S.F., 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Ct., 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

As previously discussed, Ground Two of the Petition is unexhausted; Petitioner's inclusion of that claim thus renders the Petition "mixed," containing both an exhausted and an unexhausted claim. Such petitions must generally be dismissed. See Lundy, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); Castille v. Peoples, 489 U.S. 346, 349 (1989) (finding that prisoner's "habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims").

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to

3

exhaust any unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277 (2005). For a Rhines stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claim in state court, (2) that the unexhausted claim is not "plainly meritless," and (3) that he has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements, and in any event he has not requested a stay of these proceedings.

IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner do one of the following:

(1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines;

(2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1);

(3) request that Ground Two of the Petition be dismissed and that he be allowed to either proceed on the exhausted claim, Ground One, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he

will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to the original exhausted claim, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or

    (4)    show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The Court makes no representation that the Petition was timely filed under AEDPA or that any amended petition will be.

Dated: June 1, 2017

DOUGLAS F. McCORMICK  
United States Magistrate Judge