# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV17-03828-VBF (DFM) | Date: | January 28, 2019 |
|---|---|---|---|
| Title | Arthur Edward Ramirez v. Scott Frauenheim, Warden | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

    On May 22, 2017, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody that contained two grounds for relief. Dkt. 1 ("Petition"). Ground Two, a claim of ineffective assistance of appellate counsel for failing to "federalize" certain claims, had not been exhausted in state court. See Dkt. 4 at 2. Furthermore, as noted in the footnote of the Court's June 1, 2017 order to show cause, Petitioner's attached petition for review to the California Supreme Court contained three additional claims that Petitioner apparently believed were unexhausted. See id. at 2 n.3.

    Accordingly, on June 1, 2017, the Court issued an order directing Petitioner to do one of several things, including: request that Ground Two of the Petition be dismissed and that he be allowed to either proceed on the exhausted claim, Ground One, or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

    On June 19, 2017, Petitioner submitted two documents to the Court. In the first, Petitioner informed the Court that he "would like to request that Ground Two . . . be dismissed and that the Court accept and file the amended petition." Dkt. 7 at 1. Attached to this document was the Court's June 1 order to show cause, on which Petitioner had circled and underlined the option described above. Petitioner's second document was a proposed first amended petition. In his proposed first amended petition, Petitioner set forth four grounds for relief. Petitioner's ineffective assistance of appellate counsel claim had been replaced with the three additional claims referenced in the footnote of the Court's June 1 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

The Court interpreted Petitioner's filing as a request for a Kelly stay and a request for leave to amend the Petition to add the three claims. See Dkt. 9. Respondent did not oppose Petitioner's request for a stay, so the Court granted the stay on several conditions, including: (1) that Petitioner present any unexhausted claims in a habeas petition filed in the California Supreme Court within thirty days of November 2, 2017; (2) that Petitioner lodge a copy of that state habeas petition with the Court forthwith; and (3) that Petitioner filed a motion to amend the Petition to add any newly exhausted claims within thirty days after the California Supreme Court decided the petition. See Dkt. 17.

In November 2018, Respondent moved to lift the stay and dismiss the petition for failure to prosecute. See Dkt. 19, 20. Petitioner has not filed any opposition to the motion. Petitioner has also not filed with this Court a copy of his California Supreme Court habeas petition. Nor can the Court find any evidence online that Petitioner ever filed such a petition. The Court denies without prejudice Respondent's request to dismiss the Petition for failure to prosecute, however. At a minimum, the Court will address the merits of Petitioner's exhausted claim.

Before turning to Respondent's motion to lift the stay, the Court ORDERS Petitioner to show cause in writing, within twenty-one (21) days of the date of this order, why the Court's November 2, 2017 stay in this case should not be lifted. Petitioner is expressly warned that failure to respond to the Court's order to show cause may result in an order vacating the stay and a subsequent recommendation that Petitioner's request for leave to amend the Petitioner be denied to allow the matter to proceed to the merits of Petitioner's exhausted claim.